# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | |
|---|---|
| JESSICA VALENCIA, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 1:22-cv-1180 |
| MENARD, INC., | ) |
| Defendant. | ) |

# ORDER

This matter is before the Court following its Order to Show Cause (doc. 38). Plaintiff has responded as ordered (docs. 39, 40), and Defendant has filed a Reply (doc. 41).

#### BACKGROUND

The instant matter is a personal-injury suit alleging Defendant's negligence caused injuries Plaintiff sustained on July 26, 2020, when she slipped and fell in the checkout line of a business owned and operated by Defendant. (Doc. 1-1 at 3–5). Filed in state court on April 18, 2022, the case was removed to federal court on May 26, 2022. On August 24, 2022, the Magistrate Judge in the matter adopted the parties' joint proposed Discovery Plan contemplating completion of all discovery—fact and expert—by August 4, 2023, and dispositive motions by August 25, 2023. Following Plaintiff's replacement of her attorney in January and three extensions of the deadlines in the Discovery Plan, a final discovery deadline was set for April 19, 2024, with any dispositive motions to be filed by April 26, 2024. (Text Order dated

December 4, 2023). That date came and went with no additional filings from either party, as did the April 26, 2024, deadline for filing dispositive motions.

On May 31, 2024, this Court held a status conference at which, for the first time, Plaintiff's Counsel revealed to the Court that Plaintiff had not yet deposed certain fact witnesses. (Minute Entry dated May 31, 2024). He indicated his intent to file a motion to compel if unable to reach an agreement with Defendant's Counsel regarding the taking of those depositions, and the Court directed Plaintiff to file any such motion within the next seven days. (Minute Entry dated May 31, 2024).

Plaintiff did not file a motion within the allotted time. However, on June 19, 2024, almost two weeks later, Plaintiff filed another motion for extension of time to complete discovery. (Doc. 26). Plaintiff disclosed therein that five of Defendant's witnesses—four fact witnesses and an expert witness—had yet to be deposed by Plaintiff. (Doc. 26 at 1). Plaintiff proposed a timeline that not only would have reopened discovery through December 1, 2024, but would have allowed amended pleadings through the same date and set a new dispositive-motion deadline of December 31, 2024. (Doc. 26 at 3).

At the status conference held the next day, counsel offered arguments for and against Plaintiff's motion. (Minute Entry dated June 20, 2024). Attorney W. Anthony Andrews, representing Defendant, explained that after two witnesses were deposed in the fall of 2023, there followed "a period of six months of no activity on behalf of the plaintiff." (Doc. 27 at 8). Plaintiff's Counsel Fadi Rustom took issue with his opposing counsel's characterization of the dispute inasmuch as he said several

2

depositions had been scheduled and were then canceled, and he stated that he made "several requests and verbal requests of counsel . . . to reschedule these," but ultimately he did not dispute that those communications had all taken place before the end of the year. (Doc. 27 at 12). The Court denied Plaintiff's motion and directed the parties to jointly file an amended proposed scheduling order by June 26, 2024, consistent with final pretrial and trial dates of August 26, 2024, and September 30, 2024, respectively. (Minute Entry dated June 20, 2024).

The Court also admonished Plaintiff's Counsel regarding the record of delay in the case: "As the plaintiff, you have not prosecuted your claims with much dispatch. I'm disappointed and dismayed [at] your failure to prosecute this case in a more efficient[] and more timely way." (Doc. 27 at 17). With respect to the filing of a new proposed scheduling order, the Court instructed that "if the parties have difficulty in coming with an agreement for that purpose, bring that to me, and I will then make that decision to move this case along." (Doc. 27 at 21). The parties timely filed their motion for a new scheduling order, which the Court granted, setting a deadline of July 26, 2024, for the parties to file their joint Proposed Final Pretrial Order. (Text Order dated June 28, 2024). Plaintiff's Counsel was directed to share a draft of the Proposed Final Pretrial Order with Defendant's Counsel by July 22, 2024. (Text Order dated June 28, 2024). Between the status conference and the proposed Final Pretrial Order filing deadline, the parties filed no motion or other paper disclosing further scheduling disputes or asking the Court to intervene in any conflicts between the parties.

On the due date for the parties' Proposed Final Pretrial Order, Defendant filed a Motion for Rule to Show Cause. (Doc. 37). The Motion stated that as of that date, Plaintiff's Counsel had not sent Defendant's Counsel a draft of the Proposed Final Pretrial Order, nor had he responded to repeated overtures as to settlement. (Doc. 37 at 1–2, 37-1). The Court granted Defendant's Motion and ordered Plaintiff to show cause why this action should not be dismissed for failure to prosecute. (Doc. 38).

## LEGAL STANDARD

"It is well-established that district courts possess inherent authority to dismiss a case *sua sponte* for a plaintiff's failure to prosecute." *GCIU Employer Retirement Fund v. Chicago Tribune Co.*, 8 F.3d 1195, 1199 (7th Cir. 1993) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)). To warrant a dismissal with prejudice, there must be a "*clear record of delay* or contumacious conduct." *Pyramid Energy. Ltd. v. Heyl & Patterson, Inc.*, 869 F.2d 1058, 1061 (7th Cir. 1989) (emphasis in original).

"Any sanctions imposed pursuant to the court's inherent authority must be premised on a finding that the culpable party willfully abused the judicial process or otherwise conducted the litigation in bad faith." *Ramirez v. T&H Lemont, Inc.*, 845 F.3d 772, 776 (7th Cir. 2016). Such a finding is by preponderance of the evidence. *Id.* at 778.

## DISCUSSION

Plaintiff has now had an opportunity to be heard through her Response and Memorandum to the Order to Show Cause. (Docs. 39, 40). She argues that her case should not be dismissed because she has cured her noncompliance with Court orders

4

by sending her draft of the Proposed Final Pretrial Order and a settlement demand to Defendant. (Doc. 40 at 9). The Court notes that neither action represents substantial compliance with the Standing Order for Pretrial Preparation, which requires "joint preparation" of the Proposed Final Pretrial Order and its filing at least fourteen days prior to the Final Pretrial Conference, and settlement *negotiations*—not "[m]erely making a single settlement demand or offer, with no further discussions between the parties."[1] Standing Order for Pretrial Preparation of February 15, 2023 at 1–2. Initiating the first step toward fulfilling each of these requirements—five days (in the case of the settlement demand) and one week (in the case of the draft Proposed Final Pretrial Order) after the final product was due—does not represent compliance with Court orders or a curing of the deficiencies noted in the Order to Show Cause. Practically speaking, Plaintiff's conduct ensured disposition of this action would be delayed by a matter of several weeks, if not months.

Moreover, Plaintiff offers no good cause why this action should not be dismissed, nor any explanation for the missed deadlines aside from Plaintiff's earlier and persistent failures to advance her case. Plaintiff's Counsel states that he "worked to remove from [the settlement] demand many previously claimed medical procedures and associated medical bills" after taking the deposition of Defendant's expert

---

[1] The Court takes note of Plaintiff's statement that the parties had scheduled a meeting via telephone to discuss the topic of settlement on August 13 or 14, 2024. (Doc. 40 at 10). When Plaintiff filed her Response to the Order to Show Cause, this had not yet occurred, and it remains unclear whether any conversation that took place on one or both of those dates satisfied the requirements of the Standing Order, particularly since Defendant characterizes Plaintiff's settlement demand as "outrageous" and "equivalent to one that was never sent at all." (Doc. 41 at 4).

witness, and that "[t]he process was time-consuming." (Doc. 40 at 7). Yet it was a series of delays on Plaintiff's part that caused the deposition to be taken at such a late date, mere days before Plaintiff's draft of the Proposed Final Pretrial Order was due to Defendant and approximately one week before it was due to the Court, rather than during the prescribed discovery period, which ended in April. (*See* doc. 38 at 3). Likewise, Plaintiff states that the draft of the Proposed Final Pretrial Order "took longer than expected as the undersigned came off of four fact witness discovery depositions and the defense expert deposition (all within 7 days of each other)." (Doc. 40 at 8). Once again, Plaintiff describes a circumstance entirely within Plaintiff's own power to prevent.

Plaintiff's conduct has met the standard of a "clear record of delay," *Pyramid Energy. Ltd.*, 869 F.2d at 1061, found by preponderance of the evidence, as there are no meaningful disagreements between the parties as to the timeline of this case, the orders disregarded, or the deadlines missed. Furthermore, the Court finds Plaintiff has acted in bad faith, repeatedly allowing deadlines to pass without timely requesting extensions and either offering no explanation for this pattern of neglect, or else blaming opposing counsel without evidence. (Doc. 27 at 12–13). Repeated admonitions from this Court have had disappointingly little effect on this pattern of behavior. Although dismissal is a harsh sanction, it is unfortunately warranted here, Plaintiff's past conduct and present words give the Court scant reason to expect any departure from the *status quo*.

## CONCLUSION

The Court being fully advised, IT IS HEREBY FOUND AND ORDERED AS FOLLOWS:

1. The Court finds Plaintiff has engaged in a pattern of unexcused delay and noncompliance with the Court's orders, as detailed in the Order to Show Cause. (Doc. 38 at 1–5).

2. This action is hereby DISMISSED with prejudice for failure to prosecute.

3. The Clerk is DIRECTED to enter judgment consistent with this Order and close the above-captioned case.

SO ORDERED.

Entered this 20th day of August 2024.

s/ Joe B. McDade
JOE BILLY McDADE
United States Senior District Judge
